UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LAMONT SHEPARD,

Plaintiff,

v.

P. DAVIS,

Defendants.

Case No.: 1:26-cv-08963-EGC (PC)

**FINDINGS AND RECOMMENDATIONS TO REQUIRE PLAINTIFF TO PAY THE $405 FILING FEE IN FULL TO PROCEED WITH THIS ACTION**

14-Day Objection Period

Clerk of the Court to Assign District Judge

Plaintiff Lamont Shepard is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

**I. INTRODUCTION**

Plaintiff filed a complaint with this Court on November 2, 2026. (Doc. 1.) Plaintiff did not file an application to proceed *in forma pauperis* (IFP) nor did he pay the $405 filing fee for this action.

**II. THREE STRIKES PROVISION OF 28 U.S.C. § 1915**

Title 28 of the United States Code section 1915 governs IFP proceedings. The statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner

is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it.... This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted).

**III. JUDICIAL NOTICE**

The Court takes judicial notice[1] of the following prior lawsuits filed by Plaintiff:

1. *Shepard v. Connolly*, No. 2:11-cv-01262-UA MAN (C.D. Cal.) (dismissed as frivolous and malicious and for failure to state a claim on February 17, 2011)
2. *Shepard v. Johnson*, No. 1:11-cv-01726-SKO PC (E.D. Cal.) (dismissed for failure to state a claim on August 7, 2012)
3. *Shepard v. Munoz*, No. 1:12-cv-01470-GSA PC (E.D. Cal.) (dismissed for failure to state a claim on October 8, 2013)

A dismissal for a failure to state a claim (including where a district court dismisses a complaint for a failure to state a claim, grants leave to amend, and then plaintiff fails to file an amended complaint) or as frivolous is a strike for purposes of 28 U.S.C. § 1915(g). *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017); *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011). Because Plaintiff has incurred at least three prior "strikes," and each was dismissed prior to the commencement of the current action on November 2, 2026, Plaintiff is subject to the section 1915(g) bar. Moreover, he is precluded from proceeding IFP in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

**IV. IMMINENT DANGER DISCUSSION**

***Plaintiff's Allegations***

The Court has conducted a review of Plaintiff's complaint. (Doc. 1.) Briefly stated, Plaintiff alleges the warden and three correctional employees at the California Substance Abuse

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

Treatment Facility in Corcoran, California, violated his Eighth Amendment constitutional rights when, following an incident of October 29, 2024, involving "a code 2 riot on Facility D recreational yard," a report resulted in his placement in the restricted housing unit for a period of seven months. He asserts the video evidence established otherwise and seeks a declaratory judgment, compensatory and punitive damages, costs of suit, and a jury trial. (Doc. 1.)

***Analysis***

Plaintiff's allegations do not satisfy the imminent danger exception to section 1915(g). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger or insufficient. *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998).

Here, the Court is unable to identify any genuine emergency involving a real or proximate threat where time is pressing. *Lewis*, 279 F.3d at 531. Plaintiff fails to allege any allegation of "ongoing serious physical injury," or any pattern of misconduct likely to result in "imminent serious physical injury" whatsoever. *Martin*, 319 F.3d at 1050.

In sum, the undersigned finds that Plaintiff fails to allege that he was in any imminent danger of serious physical injury at the time the complaint in this action was filed and Plaintiff has incurred three strikes. Therefore, the undersigned will recommend that Plaintiff be ordered to pay the $405.00 filing fee in order to litigate this action. *Andrews*, 493 F.3d at 1052-53; *Lewis*, 279 F.3d at 531.

**V. ORDER AND RECOMMENDATION**

Accordingly, the Court **HEREBY ORDERS** the Clerk of the Court to assign a district judge to this action.

Further, based on the foregoing, the Court **HEREBY RECOMMENDS** that:

1. Plaintiff be ordered to pay the $405.00 filing fee for this action, pursuant to 28 U.S.C. § 1915(g), within 30 days; and
2. Plaintiff be advised that the failure to pay the filing fee in full will result in the dismissal of this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 3, 2026**

Erin Sny Castillo

UNITED STATES MAGISTRATE JUDGE